IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SUSAN ROSE, | |
| Plaintiff, | ORDER and MEMORANDUM DECISION |
| vs. | |
| UTAH STATE BAR, et al., | Case No. 2:08-CV-592 TC |
| Defendants. | |

Plaintiff Susan Rose seeks to enjoin the Utah State Bar (the "State Bar") and others from continuing an attorney disciplinary action against her.  That action is currently proceeding in a Utah state district court.  Ms. Rose contends that the State Bar's disciplinary rules and procedures violate the First, Fifth, and Fourteenth Amendments of the United States Constitution.  Defendants have moved to dismiss this action, arguing that the court should abstain from litigation seeking to enjoin an ongoing state action.

Abstention is clearly warranted in this case.  Attorney regulation is an undeniably important state interest, and Ms. Rose can bring her constitutional challenges to the state court hearing the ethics complaint against her.  On that basis, Defendants' motion to dismiss is GRANTED without prejudice.

**BACKGROUND**

Ms. Rose is an attorney admitted to practice in Utah.  On December 10, 2007, the State Bar filed a complaint against Ms. Rose in Utah's Third Judicial District Court.  The State Bar's

complaint charges Ms. Rose with twelve counts of violating Utah's Rules of Professional Conduct for attorneys and seeks disciplinary sanctions against her.  The complaint's allegations involve Ms. Rose's conduct in representing clients in two cases, one case in federal court and the other in state court.

The State Bar filed the complaint against Ms. Rose as one step in its disciplinary process. There were three steps before filing the complaint.  First, an informal complaint was filed against Ms. Rose in the State Bar's Office of Professional Conduct.  A screening panel of the State Bar's Panel of Ethics and Discipline Committee then conducted a hearing into the informal complaint. After the hearing, the screening panel recommended that a formal complaint against Ms. Rose should be filed in district court.

Under the State Bar's procedure for attorney discipline, the state district court adjudicating the complaint against Ms. Rose will conduct a two-phase bench trial.  The court will first try the merits of the complaint and then hold a trial on sanctions, if any.  Ms. Rose or the State Bar may appeal the district court's rulings to the Utah Supreme Court.  It is not clear whether Ms. Rose has answered the State Bar's complaint as of the date of this Order, but in any event, a trial on the merits has not yet occurred.

Ms. Rose filed a complaint in this court on August 7, 2008, and amended her complaint on August 13, 2008.  The amended complaint names as defendants the State Bar, Barbara Townsend, Arthur Berger, and the State Bar's Office of Professional Conduct and Ethics and Discipline Committee (collectively, the "Defendants").  In her amended complaint, Ms. Rose alleges – and seeks a declaration –  that the State Bar's disciplinary rules and procedures violate the First, Fifth, and Fourteenth Amendments of the United States Constitution in various ways. The court will not describe each of Ms. Rose's specific claims, but in general terms, Ms. Rose

maintains that nearly every step of the process against her is constitutionally infirm. Based on these alleged constitutional violations, Ms. Rose seeks an injunction barring the Defendants from continuing to pursue the state court disciplinary action against her.

On September 3, 2008, the Defendants filed a motion to dismiss Ms. Rose's amended complaint. Defendants contend, among other things, that the court should abstain from exercising jurisdiction over this case because it involves an ongoing state judicial proceeding in which Ms. Rose is able to have her constitutional challenges adequately heard. For the reasons below, the court agrees with Defendants and accordingly GRANTS their motion to dismiss without prejudice. This ruling renders moot all other outstanding motions, as the court has declined jurisdiction to decide them.

## ANALYSIS

The crux of this action is that Ms. Rose wants an ongoing State Bar disciplinary action against her halted. This type of case appears to be directly controlled by the United States Supreme Court's opinion in Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423 (1982). In Middlesex, the Court upheld a federal district court's dismissal, on abstention grounds, of a constitutional challenge to New Jersey's attorney disciplinary rules brought by an attorney in an ongoing disciplinary proceeding. See id. at 437. The Middlesex Court began its analysis by explaining the abstention doctrine as follows:

> Younger v. Harris, [401 U.S. 37 (1971)], and its progeny espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances. The policies underlying Younger abstention have been frequently reiterated by this Court. The notion of "comity" includes "a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." Minimal respect for the state processes, of course, precludes any presumption that the state courts will not safeguard federal constitutional rights.

457 U.S. at 431 (citations omitted).

The Middlesex Court identified three relevant inquiries to determine the propriety of the district court's abstention:

> The question in this case is threefold: first, do state bar disciplinary hearings within the constitutionally prescribed jurisdiction of the State Supreme Court constitute an ongoing state judicial proceeding; second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges.

Id. at 431.  The Court answered all three questions in the affirmative.  See id. at 432-437. Accordingly, the Court found that the district court correctly abstained, and that dismissal was proper.  See id. at 437.

The Middlesex Court's reasoning is squarely on point here.  First, as in New Jersey, the Utah Supreme Court is empowered to govern the practice of law by the state constitution.  See Utah Const., art. VIII, § 4.  Moreover, there is no question that attorney disciplinary proceedings in Utah are judicial in nature: the disciplinary complaint against Ms. Rose is proceeding in Utah state district court, and any appeal will be heard by the Utah Supreme Court.  It is obvious, then, that there is an ongoing state judicial proceeding involved here.  Second, Middlesex makes clear that overseeing professional conduct of attorneys is an important state interest.  See id. at 434-35. Finally, it is presumed that the Utah state court proceedings are an adequate forum for Ms. Rose to raise her constitutional challenges.  See id. at 431, 435.  The presumption is particularly apt here, since the state district court is competent to hear such challenges, and the Utah Supreme Court has the power to review the district court's rulings.   Moreover, Ms. Rose does not allege facts that demonstrate that the proceedings are inadequate, such as a rule against bringing a constitutional challenge during the disciplinary proceedings.  In sum, all of the criteria for abstention are met here.  See also Landrith v. Hazlett, 170 Fed. Appx. 29, 31 (10th Cir. 2006)

(upholding abstention in case challenging constitutionality of ongoing Kansas state attorney

disciplinary action).

There are two circumstances in which a court may elect to review an ongoing state

judicial proceeding.  First, a court may refuse to abstain if the state court proceedings are

"flagrantly and patently" unconstitutional.  Middlesex, 457 U.S. at 437.  Second, a court may

decline to abstain if there are exceptional circumstances, such as bad faith or harassment,

involved in the state process.  See id. at 429, 437.  Ms. Rose does not argue that the State Bar has

filed its complaint against her in bad faith or as a form of harassment.

On the question of constitutionality, Ms. Rose argues that the federal courts have

exclusive jurisdiction to discipline her for any actions she took in representing clients in a federal

court and that a state court may not review those actions.  In effect, Ms. Rose argues that states

are preempted from disciplining attorneys for their conduct in federal court.  Ms. Rose, however,

does not provide any authority directly supporting this proposition, and the relevant cases the

court reviewed held the opposite.  For example, in Cantenella v. California, 404 F.3d 1106, 1110

(9th Cir. 2005), the court rejected an attorney's "unsupported contention that states have no

interest in regulating attorney misconduct occurring in federal court."  The court reasoned that:

> "States traditionally have exercised extensive control over the professional conduct of
> attorneys," as each state has "an extremely important interest in maintaining and assuring
> the professional conduct of the attorneys it licenses."  This extensive control has
> traditionally included the power to discipline attorneys for misconduct regardless of the
> jurisdiction in which it occurs.
>
> The States' long-arm regulatory authority over the attorneys they license derives in part
> from the nature of disciplinary proceedings.  They are "neither civil nor criminal, but an
> investigation in to the conduct of the lawyer-respondent." . . .  Because the relevant state
> interest is an attorney's integrity and continuing fitness to practice, rather than the
> integrity of the particular courtroom in which misconduct occurs, the venue is irrelevant
> to the reach of the state disciplinary authority.
>
> Accordingly, we have specifically held that the Supreme Court of California has

jurisdiction to discipline members of the State Bar of California who practice even exclusively in federal court or before federal agencies.  In rejecting the argument that California's regulatory authority is preempted by federal law, we noted that the applicable federal regulations condition federal bar membership on an attorney's good standing as a member of a state bar and thereby invite or at least accommodate overlapping state regulation

Id. (citations omitted).  Cantenella's reasoning is persuasive here.

As indirect authority, Ms. Rose cites In re Landerman, 7 F. Supp. 2d 1202 (D. Utah 1998), which states that the "Utah Supreme Court has no authority over the admission of attorneys to practice before this court or the discipline of members of the Bar of this court and their right to practice in this court."  Id. at 1203.  Ms. Rose reads Landerman as precluding states from disciplining attorneys for actions taken in federal court.  But Ms. Rose misreads Landerman.  Rather, Landerman establishes that the federal court is the sole judge of whether to allow an attorney to practice before it and whether to impose federal discipline against the attorney.  See id. at 1203-04.  In other words, a federal court is not bound by the decisions of a state court regarding attorney discipline and is not forced, for example, to disbar an attorney from federal practice if the attorney has been disbarred from state practice.  See id.  Landerman does not address whether a state may base a disciplinary action on an attorney's conduct in federal court.

The same reasoning applies to Ms. Rose's arguments based on Fed. R. Civ. P. 83 and DUCivR 83-1.5.  That is, those rules govern the federal courts' regulation of attorney practice before them, but say nothing about the ability of the state to discipline attorneys relating to their federal practice.  Simply put, Landerman, Rule 83, and Local Rule 83-1.5 do not apply here because the state is not attempting to impose federal sanctions on Ms. Rose.

In sum, the court is not convinced by Ms. Rose's argument that the State Bar may not seek to discipline her for alleged misconduct in a federal case.  Nor does anything else in Ms.

Rose's amended complaint lead to the conclusion that any other aspect of the State Bar's proceedings against her are flagrantly or patently unconstitutional.

When the criteria for abstention are met, as they are here, abstention is non-discretionary. See Crown Point I, LLC v. Intermountain Rural Elec. Ass'n, 319 F.3d 1211, 1215 (10th Cir. 2003). Ms. Rose seeks declaratory and injunctive relief, not damages, making dismissal without prejudice proper. See Landreth, 170 Fed. Appx. at 31 and Harrington v. Wilson, 242 Fed. Appx. 514, 516 (10th Cir. 2007). Finally, as the court has declined to exercise jurisdiction over the case, the court will not address the merits of the Defendants' other arguments or rule on Ms. Rose's pending motions.

## ORDER

For the reasons set forth above, Defendant's motion to dismiss (Dkt. No. 21) is GRANTED. All other motions are DENIED as moot. This action is dismissed without prejudice.

SO ORDERED this 1st day of October, 2008.

BY THE COURT:

TENA CAMPBELL
Chief District Judge